IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
2:10cv5

| | |
|---|---|
| LISA TRIVINO, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| Vs. ) | **ORDER** |
| ) | |
| MOUNTAIN DREAMS, LLC, d/b/a ) | |
| Folkstone Inn, ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

**THIS MATTER** is before the court on plaintiff's "Motion to Quash Subpoena and Response to Defendant's Motion to Compel." (#16) Such motion and response will be summarily denied as it has been filed in violation of two Local Civil Rules. First, plaintiff has improperly combined a new motion into a response to another motion, which violates Local Civil Rule 7.1(C)(2), which provides:

> **(2) Motions Not to Be Included in Responsive Briefs.** Motions shall not be included in responsive briefs. Each motion should be set forth as a separately filed pleading.

L.Cv.R. 7.1(C)(2). The motion also violates Local Civil Rule 7.1(B), which requires reflection of consultation with opposing counsel:

> **(B) Requirement of Consultation.** Any motions other than for dismissal, summary judgment, or default judgment shall show that counsel have conferred or attempted to confer and have attempted in

-1-

good faith to resolve areas of disagreement and set forth which issues remain unresolved.

L.Cv.R. 7.1(B).

The first rule cited is in place so that motions and responses are properly tracked on the electronic docket. The second rule cited requires counsel to actually discuss matters before bringing their dispute to a judge to resolve for them. The second rule is particularly apt to the situation in this case, inasmuch as the very minor discovery issue that has arisen has generated two very serious motions which will require a substantial expenditure of public resources to resolve. The Local Civil Rules put the burden on counsel to, at the *very least*, attempt to resolve such minor dispute amicably *before* coming to court. Indeed, a reasonable and just solution to the problem is likely simple, and the court will give respective counsel until the close of business on September 24, 2010, to report any proposed resolution they may have to such problem.

**ORDER**

**IT IS, THEREFORE, ORDERED** that plaintiff's "Motion to Quash Subpoena and Response to Defendant's Motion to Compel" (#16) is **DENIED** without prejudice as filed in violation of Local Civil Rule 7.1, and counsel for the respective parties are allowed up to and inclusive of September 24, 2010, to report to the court their proposed solution to the underlying discovery issue.

Signed: September 9, 2010

*Dennis L. Howell*

Dennis L. Howell
United States Magistrate Judge